# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC.<br>D/B/A ORR VOLKSWAGEN OF TEXARKANA<br><br>Plaintiff,<br><br>V.<br><br>AUTOPLEX EXTENDED SERVICES, LLC<br>D/B/A MOTOR VEHICLE SERVICES<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:24-cv-29 |

PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana asserts claims against Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services for unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A) (Section 43(a)(1)(A) of the Lanham Act) and for unfair competition/passing off, and unjust enrichment under Texas law.

I. PARTIES

1. Plaintiff Orr Auto, Inc. ("Plaintiff" or "Orr Volkswagen") is a Texas corporation with a principal place of business at 4545 North State Line, Texarkana, Texas 75503.

2. Defendant Autoplex Extended Services, LLC ("Defendant" or "Autoplex") is a Missouri limited liability company with a registered agent and office of Keith Horneker, 2275 First Capitol Drive, St. Charles, Missouri 63301 and a principal place of business at 2410 Hwy 94 South Outer Road, St. Charles, Missouri. Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), Defendant may be served "by delivering a copy of the summons and of the complaint to an officer,

a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

## II. JURISDICTION AND VENUE

3. This is an action for unfair competition arising under the Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. Section 1051, et seq., including Section 1125(a)(1), as well as unfair competition, and unjust enrichment under Texas law.

4. This Court has original jurisdiction over the subject matter of any Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has subject-matter jurisdiction over the Texas state-law claims in this action under 28 U.S.C. § 1367, because these claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claim(s).

5. The Court has personal jurisdiction over Defendant because many of the acts that are the subject Plaintiff's claims were committed by Defendant in the State of Texas and in this judicial district. Defendant purposely directed its activities toward persons and potential customers in Texas and in this judicial district, and purposefully availed itself of the privileges of conducting activities in Texas, and in this judicial district.

6. Under 28 U.S.C. § 1391(b)(2), venue is proper in this judicial district because a substantial part of the events giving rise to the claims of this action occurred and are occurring in this judicial district. As set forth in more detail below, Defendant has marketed its services and/or products to citizens of this State and, in particular, to citizens of this judicial district, through written advertising and promotion.

## III. FACTUAL BACKGROUND

7. Orr Volkswagen operates a Volkswagen dealership at 4545 North State Line in Texarkana, Texas. The business sells new and used automobiles, and incident to those transactions offers and sells financing and related products, for profit. Included in the products offered and sold are service contracts which are sometimes referred to as "extended warranties."

8. Orr Volkswagen sold its first service contract on or about January 31, 2014, and has continuously sold service contracts to its customers in Texarkana, Texas, through the present date.

9. Plaintiff recorded an assumed name certificate on July 10, 2013, with the Texas Secretary of State, by which it made public notice that it intended to transact business as "Orr Volkswagen of Texarkana."

10. Orr is a family name and the surname of Plaintiff's shareholder and general manager. The Orr name has been in use in conjunction with the retail automobile business in the Texarkana region since as early as the 1960's and has acquired the secondary meaning of a car dealership business located in the Texarkana region.

11. Volkswagen is a registered trademark of Volkswagen Aktiengesellschaft ("Volkswagen AG"). Information related to the registered trademark is publicly available at the United States Patent and Trademark Office and is published in the Principal Register under Serial Number: 79001129; Registration Number: 3117285. Orr Volkswagen uses the Volkswagen trademark in its business name "Orr Volkswagen of Texarkana" pursuant to a written license agreement with Volkswagen AG.

12. Orr Volkswagen spends a substantial amount on advertising and signage in order to direct customers to its business, products and services. Furthermore, Orr Volkswagen is presently

in the process of constructing a new facility, in Texarkana, Texas, at great expense. This facility is being constructed in anticipation of Plaintiff's continuing business in its market area.

13. In addition to Orr Volkswagen's brick and mortar presence, and advertising, Orr Volkswagen maintains a significant online presence. A screenshot of Orr Volkswagen's online web page is presented here:




This page, publicly displayed for years, at substantial cost to Orr Volkswagen, describes the Plaintiff's products and services, including links to products such as:

A. Vehicle Service protection;

B. Term protection;

C. CPO Vehicle Service protection;

D. Lease end protection; and

E. Multi-coverage protection.

14. To promote its products, services and business, Plaintiff has consistently and continuously used the name Orr Volkswagen and Orr Volkswagen of Texarkana in connection with providing high quality auto sales, service, finance and warranty products to customers in the Texarkana region, since 2013. "Orr," "Orr Volkswagen," and "Orr Volkswagen of Texarkana" are hereinafter sometimes referred to as the "Marks."

15. Recently a private citizen approached a director of Plaintiff with a document, and inquired about the substance and meaning of a letter received. That document is attached to this pleading as Exhibit 1, and presented here:



MOTOR VEHICLE SERVICES

IMMEDIATE RESPONSE TO THIS NOTICE IS REQUIRED

JAMIE CLINE
Texarkana TX

Contact Phone: 866-426-0075 (Toll Free)
Program Term Deadline: 10/06/2023
Call to verify the above information.
Read below for more information.

Suggested Repair Facilities to Choose From:

Orr Volkswagen Of Texarkana
All Certified ASE Facilities

IMMEDIATE RESPONSE TO THIS NOTICE IS REQUIRED

Notice Date: 9/12/2023
Program Term Deadline: 10/06/2023

Coverage ID: MLG374475542
Coverage Status: AVAILABLE

ATTENTION: JAMIE CLINE,

Our records indicate that you have not contacted us to have the vehicle service contract for your vehicle updated. Please call 866-426-0075.

You are receiving this notice because your factory warranty will expire or may have already expired based on the mileage and age of your vehicle.

By neglecting to replace your coverage you will be at risk of being financially liable for any and all repairs after your factory warranty expires. However, you still have time left to activate your service contract on your vehicle before it's too late. No vehicle inspection will be required.

No other notices will be sent for this offer. This will be our only attempt to contact you about your expiring factory warranty.

Your file on this vehicle will be deleted and you may no longer be eligible for this offer regarding service coverage after 10/06/2023.

| 0% | 1.5% | 2.75% | 3.75% | 4.5% | [illegible] | [illegible] | [illegible] |
|---|---|---|---|---|---|---|---|
| APPROVED | N/A | N/A | N/A | N/A | N/A | N/A | N/A |

Coverage Explanation

PHONE: 866-426-0075 | Call No Later Than: 10/06/2023

Operating Hours: Monday - Friday: 8:00am to 7:00pm CST, Saturday: 9:00am to 3:00pm CST
Sunday: Closed

16. This document, mailed by Defendant, to a Texas resident, contains the name Orr Volkswagen of Texarkana, in large font, bolded, in the center of the page. The document offers service contracts to customers.

17. This document offers service contracts which are similar, if not identical to those offered by Plaintiff, both online, through advertisement, and at Plaintiff's brick and mortar facility.

18. This document conspicuously uses Plaintiff's name, "Orr Volkswagen of Texarkana," to sell or offer Defendant's products.

19. The fact that a private citizen approached a director of Plaintiff confused about the origin of the mailing clearly demonstrates that Defendant's behavior, and use of Plaintiff's name has created actual confusion and will continue to create actual confusion, and a likelihood of confusion, in the minds of potential consumers, as to the source, affiliation or sponsorship of Autoplex's products and services.

## IV. PLAINTIFF'S CAUSES OF ACTION

### A. Count 1 – Unfair Competition under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act)

20. Plaintiff realleges the factual allegations contained in the foregoing paragraphs.

21. Autoplex, in connection with advertising, marketing, and providing its vehicle service contracts, has used in commerce and continues to use in commerce one or more words, terms, names, symbols, and devices, alone and in combination, including Orr and Orr Volkswagen of Texarkana, in a way that has created and will continue to create a likelihood of confusion, and actual confusion, in the minds of potential consumers, as to the source, affiliation or sponsorship

of Autoplex's products and services, and in a way that infringes Plaintiff's name and rights in such name.

22. Autoplex has made false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact that are likely to cause (and have caused) confusion or mistake and are likely to deceive as to the affiliation, connection, or association of Autoplex with Plaintiff, and are likely to cause confusion as to the origin, sponsorship, or approval of Autoplex's products or service.

23. Beyond violating the Lanham Act's prohibition of Unfair Competition, Autoplex's conduct is likely *per se* unlawful. The Texas Occupations Code provides that "[a] person may not operate as a provider or administrator of service contracts sold or issued in this state unless the person is registered with the department." Tex. Occ. Code § 1304.101 (2023). A search of the Texas Department of Licensing and Regulation database for Defendant's name or assumed name reveals no Service Contract Provider registration or license.

24. In accordance with Section 34 of the Lanham Act, 15 U.S.C. §1116, and Federal Rule of Civil Procedure 65(a), Autoplex should be preliminarily enjoined as set forth in Plaintiff's application for injunctive relief, which is being filed by separate pleading. Further, following a trial on the merits, Autoplex should be permanently enjoined from using Orr Volkswagen's name or any confusingly similar variation thereof, alone or in combination with other words, terms, names, symbols, or devices, in any way, to market advertise or identify Autoplex or its competing products and services.

25. Under Section 35 of the Lanham Act, 15 U.S.C. §1117(a), Plaintiff is entitled to recover from Autoplex: (i) Autoplex's profits, (ii) the damages sustained by Plaintiff, and (iii) the

costs of the action. Due to the knowing, intentional, and purposeful nature of Autoplex's conduct, Plaintiff seeks three times the amount of its actual damages. Further, if the Court finds that the amount of recovery based on profits is inadequate, Plaintiff asks that the Court, in its discretion, enter such sum as the Court shall find to be just, according to the circumstances of the case. Further, this is an exceptional case. Accordingly, Plaintiff is entitled to an award of its reasonable attorney's fees as the prevailing party.

**B. Count 2 – Unfair Competition and "Passing Off" under Texas law.**

26. Plaintiff realleges the factual allegations contained in the foregoing paragraphs.

27. Autoplex has engaged in commerce in the State of Texas and this Judicial District by marketing, offering to sell, and selling its competing service contracts under or with the misleading "Orr Volkswagen of Texarkana" name and mark, alone and in combination with other words, terms, names, symbols, or devices, and by passing off (or "palming off") its services or products as those of Plaintiff. Autoplex has advertised its competing services through direct mail to Plaintiff's customers. Autoplex has competed unfairly in violation of Texas law by misrepresenting or leading the public to believe that its services are sponsored by, endorsed by, approved by, affiliated with, associate with, or originated by Plaintiff, and by passing off its services and/or products as those of Plaintiff.

28. In accordance with Texas law, Autoplex should be preliminarily enjoined as set forth in Plaintiff's Application for Preliminary Injunctive Relief, which is being filed concurrently herewith. Further, following a trial on the merits, Autoplex should be permanently enjoined from using "Orr Volkswagen," "Orr Volkswagen of Texarkana," or any other confusingly similar

variation thereof, alone or in combination with other words, in any way, to market, advertise, or identify Autoplex or its competing products or services.

29. Plaintiff has been damaged by Autoplex's actions. According to Texas law, Plaintiff is entitled to recover the actual damages caused by Autoplex's unfair competition and exemplary damages due to the fraudulent and malicious nature of Autoplex's actions.

**C. Count 3 – Trademark Infringement in Violation of Texas law.**

30. Plaintiff realleges the factual allegations contained in the foregoing paragraphs.

31. Plaintiff possesses legally protectable common law trademarks in its Marks, as described above, including the mark "Orr Volkswagen," and "Orr Volkswagen of Texarkana." The Marks are fanciful or suggestive, not generic or descriptive. And even if they were descriptive (which Plaintiff disputes), the Plaintiff's Marks have acquired secondary meaning – at least in the Texarkana area and market, and prior to Autoplex's entry into the Texarkana area and market – through delivery of "Orr Volkswagen" and "Orr Volkswagen of Texarkana" branded products and services.

32. As established above, Plaintiff is a senior user of Plaintiff's Marks and enjoys priority over Autoplex. Plaintiff's use of these Marks in commerce has resulted in the Marks being protectable and enforceable. Autoplex's unauthorized use of Plaintiff's Marks creates a likelihood of confusion as to source, affiliation, or sponsorship. Additionally, Plaintiff's customers have demonstrated actual confusion by virtue of observing Autoplex's use of Plaintiff's "Orr Volkswagen of Texarkana" mark.

33. Autoplex's use of the Marks in commerce in connection with competing service contract products and/or services constitutes trademark infringement and contributory trademark

(i) Issue a permanent injunction in accordance with Texas law and 15 U.S.C. §1116, enjoining Autoplex and its officers, agents, servants, representatives, employees, and all those persons in active concert or participation with Autoplex from the wrongful acts described in this Complaint;

(j) Direct Autoplex to file with the Court and serve on Plaintiff within 30 days after service on Autoplex of any injunction, a report in writing under oath setting forth in detail the manner and form in which Autoplex has complied with the injunction, in accordance with 15 U.S.C. §1116(a);

(k) Order that all materials in Autoplex's possession or control bearing any of Plaintiff's marks be surrendered for destruction, in accordance with 15 U.S.C. §1118;

(l) Award Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate;

(m) Grant to Plaintiff such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By: /s/ Cory Floyd
Cory J. Floyd
TX Bar No. 24049365
Email: cory@txklawyers.com